IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLIE B. BUSH JR., | ) | 4:09CV3140 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| CONNIE OSBORN, Coordinated Work Release, and MICHAEL THURBER, Director, | ) | |
| | ) | |
| Defendants. | ) | |

    The plaintiff filed his Complaint in this matter on July 7, 2009. (Filing No. 1.) Also pending is before the court is the Plaintiff's Motion for Enlargement of Time to Pay Filing Fee. (Filing No. 8.) The plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. INITIAL REVIEW OF COMPLAINT

### A. Summary of Complaint

    The plaintiff filed his Complaint on July 7, 2009, against work release coordinator Connie Osborn and Lancaster County Jail Director Michael Thurber. (Filing No. 1 at CM/ECF p. 1.) The plaintiff is currently confined in the Lancaster County Jail in Lincoln, Nebraska. (*Id*.)

    Condensed and summarized, the plaintiff alleges that Osborn discriminated against him because she denied his work release request but granted other similarly situated white inmates' requests. (*Id*. at CM/ECF pp. 1-3.) Osborn also

prevented the plaintiff from attending his cousin's wake because she failed to turn in the plaintiff's funeral leave papers. (*Id*. at CM/ECF p. 2.) Separately, the plaintiff alleges Defendant Thurber is treating him unfairly because the plaintiff filed a case against him in this court, case number 4:09cv3076. (*Id*. at CM/ECF p. 3.) The plaintiff does not request any relief.

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, the plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### C. Discussion of Claims

#### 1. *Plaintiff's Equal Protection Claim*

The court liberally construes the plaintiff's Complaint to allege an equal protection claim against Osborn. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike, a protection that applies to prison inmates. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). In order to establish an equal protection claim, a prisoner must show that he was treated differently from similarly-situated inmates and that the different treatment was based upon either a suspect classification or a fundamental right. *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006); *Weiler v. Purkett*, 137 F.3d 1047, 1052 (8th Cir. 1998).

Here, the plaintiff alleges that Osborn treated him differently from similarly situated white inmates when she denied his work release request. (Filing No. 1 at CM/ECF pp. 1-3.) However, the plaintiff fails to allege that this different treatment was based upon a suspect classification or a fundamental right. (*Id.*) Accordingly, the plaintiff has failed to allege sufficient facts to state an equal protection claim against Osborn upon which relief can be granted. However, on the court's own motion, the plaintiff shall have 30 days in which to amend his Complaint to clearly state an equal protection claim against Osborn. Any amended complaint shall restate the allegations of the plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

#### 2. *Plaintiff's Retaliation Claim*

The court also liberally construes the plaintiff's Complaint to allege a

retaliatory discipline claim against Defendant Thurber. A prison official can violate a prisoner's Eighth Amendment rights if they "impose a disciplinary sanction . . . in retaliation for the prisoner's exercise of his constitutional right." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). A prima facie case of retaliatory discipline requires a prisoner-plaintiff to show that: (1) he exercised a constitutionally protected right; (2) prison officials disciplined him; and (3) the discipline was motivated by his exercise of the right. *Id.*; *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). A prisoner-plaintiff has a heavy evidentiary burden to establish a prima facie case. *Murphy v. Mo. Dep't. of Corr.*, 769 F.2d 502, 503 n.1 (8th Cir. 1985). "Merely alleging that an act was retaliatory is insufficient." *Meuir v. Green County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007).

Here, the plaintiff alleges that he previously filed a lawsuit against Thurber. (Filing No. 1 at CM/ECF p. 3.) The plaintiff's act of filing a lawsuit against Thurber is a constitutionally protected right. *See Lewis v. Jacks,* 486 F.3d 1025, 1028 (8th Cir. 2007) (stating that the filing of an inmate lawsuit is protected First Amendment activity). However, the plaintiff does not describe how Thurber is retaliating against him for filing the lawsuit. In fact, he merely states he is "not being treated fair in jail." (Filing No. 1 at CM/ECF p. 3.) This allegation, without more, fails to nudge his retaliatory discipline claim across the line from conceivable to plausible. However, on the court's own motion, the plaintiff shall have 30 days in which to amend his Complaint to clearly state a retaliatory discipline claim against Thurber and describe how Thurber is treating him unfairly. Again, any amended complaint shall restate the allegations of the plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

## II. PLAINTIFF'S PENDING MOTION

The plaintiff has also filed a Motion for Enlargement of Time to Pay Filing Fee. (Filing No. 8.) In his motion, the plaintiff states that he needs more time to pay

the filing fees assessed in the court's July 28, 2009, order. (*Id.*)

As set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 957 n.9 (D. Neb. 2001). Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Therefore, the plaintiff's motion (filing no. 8) is granted and this matter will proceed without payment of the initial partial filing fee. However, the court reminds the plaintiff that he remains responsible for the full $350.00 filing fee.

IT IS THEREFORE ORDERED that:

1.  the plaintiff's Motion for Enlargement of Time to Pay Filing Fee (filing no. 8) is granted.

2.  the initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, the plaintiff shall be obligated to pay, and the agency having custody of the plaintiff shall forward to the clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

3.  the clerk of the court shall serve a copy of this order on the appropriate financial officer for the plaintiff's current institution.

4.  the plaintiff shall have until **September 25, 2009**, to amend his Complaint to clearly state a claim against the defendants upon which relief can be granted, in accordance with this Memorandum and Order. If the plaintiff fails to file an amended complaint, the plaintiff's Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

     5.    in the event that the plaintiff files an amended complaint, the plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

     6.    the clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **September 25, 2009**, and dismiss if none filed.

     7.    the plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

Dated August 26, 2009.

                        BY THE COURT

                        s/ Warren K. Urbom
                        United States Senior District Judge