IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLIE B. BUSH JR., | ) | 4:09CV3140 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CONNIE OSBORN, Coordinated | ) | |
| Work Release, and MICHAEL | ) | |
| THURBER, Director, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On August 26, 2009, the court conducted an initial review of the plaintiff's Complaint and found that the plaintiff failed to state a claim upon which relief may be granted as to both claims asserted. (Filing No. 9.) However, the court permitted the plaintiff the opportunity to amend. With respect to the plaintiff's equal protection claim, the court determined that:

> Here, the plaintiff alleges that Osborn treated him differently from similarly situated white inmates when she denied his work release request. (Filing No. 1 at CM/ECF pp. 1-3.) However, the plaintiff fails to allege that this different treatment was based upon a suspect classification or a fundamental right. (*Id.*) Accordingly, the plaintiff has failed to allege sufficient facts to state an equal protection claim against Osborn upon which relief can be granted.

(Filing No. 9 at CM/ECF p. 3.) With respect to the plaintiff's retaliation claim, the court determined that:

> Here, the plaintiff alleges that he previously filed a lawsuit against Thurber. (Filing No. 1 at CM/ECF p. 3.) The plaintiff's act of filing a lawsuit against Thurber is a constitutionally protected right. *See Lewis v. Jacks,* 486 F.3d 1025, 1028 (8th Cir. 2007) (stating that the filing of an inmate lawsuit is protected First Amendment activity). However, the plaintiff does not describe how Thurber is retaliating against him for

filing the lawsuit. In fact, he merely states he is "not being treated fair in jail." (Filing No. 1 at CM/ECF p. 3.) This allegation, without more, fails to nudge his retaliatory discipline claim across the line from conceivable to plausible.

(*Id.* at CM/ECF p. 4.)

The plaintiff filed an Amended Complaint on September 28, 2009. (Filing No. 12.)[1] After reviewing the Amended Complaint, the court finds that the plaintiff has complied with its August 26, 2009, Memorandum and Order with respect to his retaliation claim and that service on defendant Thurber is warranted on that claim only. However, for the reasons set forth below and in the court's August 25, 2009, Memorandum and Order, the plaintiff's equal protection claim must be dismissed.

In his Amended Complaint, the plaintiff alleges that the defendant Osborn will not forward the necessary documents to permit him to participate in the work release program, which is "discrimination." (Filing No. 12.) As set forth in the court's previous Memorandum and Order, the Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike, a protection that applies to prison inmates. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). In order to establish an equal protection claim, a prisoner must show that he was treated differently from similarly-situated inmates and that the different treatment was based upon either a suspect classification or a fundamental right. *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006); *Weiler v. Purkett*, 137 F.3d 1047, 1052 (8th Cir. 1998). Alternatively, a plaintiff may allege that he was the victim of "arbitrary or irrational state action" based on "an unlawful intent to discriminate against the plaintiff for an invalid reason." *Batra v. Board of Regents*, 79 F.3d 717, 721 (8th Cir. 1996). However, claims of "fallible

---

[1] The plaintiff also filed an Amended Complaint on September 15, 2009. (Filing No. 10.) However, the September 15, 2009, Amended Complaint was not signed and the plaintiff presumably filed the September 28, 2009, Amended Complaint to remedy that deficiency. (*Id.*) The court will therefore consider the September 28, 2009, Amended Complaint as the operative complaint in this matter.

judgment" or that the plaintiff was a "victim[] of random government incompetence" are insufficient to sustain an equal protection claim. *Id.* at 721-22.

As in his original complaint, the plaintiff does not allege that he is being denied work release, or is subject to certain treatment, based on a suspect classification or a fundamental right. The plaintiff also fails to set forth a claim based on "arbitrary or irrational state action." Indeed, the plaintiff's claims relating to defendant Osborn's failure to submit applications and other documents regarding his work release are, at best, claims of "government incompetence." As such, the plaintiff's equal protection claim is dismissed for failure to state a claim upon which relief may be granted. Because the plaintiff's retaliation claim does not relate to defendant Osborn, she will be dismissed from this matter.

IT IS THEREFORE ORDERED that:

1. the plaintiff's equal protection claim against defendant Connie Osborn is dismissed without prejudice. The clerk of the court is directed to terminate defendant Osborn as a defendant in this matter;

2. the plaintiff's retaliation claim against defendant Thurber may proceed and service is now warranted as to that claim only;

3. to obtain service of process on the remaining defendant, the plaintiff must complete and return the summons form which the clerk of the court will provide. The clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to the plaintiff together with a copy of this Memorandum and Order. The plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court. In the absence of the forms, service of process cannot occur;

4. Upon receipt of the completed forms, the clerk of the court will sign the summons form, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and the plaintiff does not need

to do so;

5. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

6. the plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

7. the clerk of the court is directed to set a pro se case management deadline in this case with the following text: "**February 25, 2010:** Check for completion of service of summons"; and

8. the parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated November 3, 2009.

                                      BY THE COURT

                                      s/ Warren K. Urbom
                                      United States Senior District Judge